Frank W. Volk, Chief Judge
United States Bankruptcy Court
Southern District of West Virginia

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
### AT HUNTINGTON

| | |
|---|---|
| IN RE: | CASE NO. 3:16-bk-30072 |
| DARREN SYDNEY PAULEY, | CHAPTER 7 |
| Debtor. | JUDGE FRANK W. VOLK |
| LANCE DAVID PAULEY, | ADVERSARY PROCEEDING NO. 3:16-ap-3004 |
| Plaintiff, | |
| v. | |
| DARREN SYDNEY PAULEY, | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

Pending is the Plaintiff's Motion for Summary Judgment (the "Motion") [Dckt. No. 9].

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I). The Court has jurisdiction pursuant to 28 U.S.C. § 157 and 28 U.S.C. § 1334.

**I.**

On December 6, 2010, Plaintiff Lance David Pauley instituted an action with his Complaint (the "Complaint") against Defendant Darren Sydney Pauley and his mother, Lois A.

Pauley in the Circuit Court of Cabell County (the "State Court") alleging tortious interference with an inheritance or gift and requesting punitive damages and attorney fees. On October 17, 2013, the State Court held a hearing to address Lance's Motion for Judgment as a Matter of Law or, in the Alternative, Motion to Compel Discovery. Darren did not appear at the hearing either in person or by counsel. As a result, on October 29, 2013, the State Court compelled Darren to "respond to . . . [Lance's] discovery no later than November 15, 2013," stating "failure to comply will result in judgment in favor of . . . [Lance] without further notice to . . . [Darren] and damages to be determined by a writ of inquiry." [Dckt. 1, Exhibit 2].

By May 19, 2014, no discovery response had been filed. That same day, the State Court entered "judgment against . . . [Darren] . . .in an amount to be determined by writ of inquiry . . . , which sum shall include costs and expenses and may include reasonable attorney's fees if determined appropriate" (the "State Court Judgment"). [Dckt. 1, Exhibit 2]. On December 17, 2014, the State Court held a damages hearing. Prior to the hearing, Lance briefed the issue of damages, without response from Darren. Judgment was ultimately determined solely on the basis of Lance's brief.

On February 19, 2015, the State Court awarded damages (the "Order for Damages") of $40,211.48[1], consisting of the debt disputed in this adversary proceeding. [Dckt. 1, Exhibit 3]. The State Court found that Darren "knowingly and willfully" interfered with Lance's expected inheritance but failed to elaborate upon the legal basis thereof. The Order for Damages lacks

---

[1] The damages include: $1,218.89 for costs; $28,992.50 for attorney's fees; $5,000 for compensatory damages; and $5,000 for punitive damages.

2

reference to any case authority or statute tying thereto the "knowing and willful" conduct in which Darren engaged.

Lance moves for summary judgment, asserting that the State Court Judgment is nondischargable pursuant to 11 U.S.C. § 523(a)(6) . He additionally contends that collateral estoppel bars relitigation here concerning the enforceability of the judgment. Lance quotes the State Court Order to show Darren "acted in bad faith, vexatiously, wantonly and for oppressive reasons" and "maliciously, wantonly, mischievously, and with criminal indifference to civil obligations." [Dckt. 9, Exhibit 3]. Lance asserts that the prepetition judgment against Darren satisfies the showing of "willful and malicious" misconduct required under § 523(a)(6).

Darren responds that collateral estoppel is inapplicable for two reasons. First, he claims there is no identity of issues inasmuch as the State Court orders fail to establish that he acted with "malicious intent." Second, Darren contends he lacked a full and fair opportunity to litigate inasmuch as notice was absent and his lawyer orally moved to withdraw immediately prior to the hearing. His response includes a Cross-Motion for Summary Judgment and Discharge from the debt (the "Cross-Motion"). He seeks dismissal of the § 523(a)(6) petition, asserting Lance could not state a claim for tortious interference with an inheritance. He further asserts the State Court action is "not ripe" because the inheritance has not yet vested and Lance cannot show a willful and malicious injury.

Lance replies that collateral estoppel has been established. Specifically, he asserts Darren had a full and fair opportunity to defend despite the withdrawal, and the issues in both actions are identical as they require a common showing of willful and malicious conduct. Lance also contends his state claim was ripe due to the testator's severely diminished mental incapacity.

3

Likewise, he asserts, the damages awarded bear no relationship to his anticipated inheritance. Rather, the damages represent costs, attorney's fees, compensatory damages, punitive damages and interest.

Darren surreplies that the finding of willful and malicious conduct was errant as it derived from a guardian report addressing only his co-defendant's conduct and, thus, there has been no finding of Darren's malicious and willful conduct. He additionally reiterates there is, and was, no viable claim upon which judgment could have been entered and that he lacked a full and fair opportunity to litigate.

## II.

**A.     Governing Standard**

*1. Summary Judgment*

In accordance with Rule 56 of the Federal Rules of Civil Procedure, made applicable to these proceedings by Rule 7056 of the Federal Rules of Bankruptcy Procedure, a court will grant summary judgment only if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c), Fed. R. Bankr. P. 7056. The moving party bears the burden of establishing the right of summary judgment. *Emmett v. Johnson*, 532 F.2d 291, 297 (4th Cir. 2008) ("When a party has submitted sufficient evidence to support its request for summary judgment, *the burden shifts to the nonmoving party . . . .*") (emphasis added); *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1315 (4th Cir. 1993). Once the moving party has made a prima facie showing of its right to judgment as a matter of law, the nonmoving party must go beyond the pleadings and demonstrate that there is a material issue of fact which precludes summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

### *2. Collateral Estoppel*

The doctrine of collateral estoppel prohibits relitigation of issues previously adjudicated by a valid and final order of another court. *Sartin v. Macik*, 535 F.3d 284, 287-88 (4th Cir. 2008). The Supreme Court has held that the doctrine applies in bankruptcy non-dischargeability determinations. *Grogan v. Garner*, 498 U.S. 279, 284 n.11 (1991). In employing the doctrine of collateral estoppel, the bankruptcy court applies the law of the court issuing the prior judgment. *Sartin*, 535 F.3d 284, 287 (4th Cir. 2008); *Pahlavi v. Ansari (In re Ansari)*, 113 F.3d 17, 19 (4th Cir. 1997). The prior order in this case was issued by a West Virginia court and, therefore, West Virginia law will determine whether collateral estoppel bars re-litigation herein.

Under West Virginia law, collateral estoppel applies when the following elements are met: "1) the issue previously decided is identical to the one presented in the action in question; 2) there is a final adjudication on the merits of the prior action; 3) the party against whom the doctrine is invoked was a party or in privity with a party to a prior action; and 4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action." *State v. Miller*, 450 S.E.2d 114, 120 (W. Va. 1995).

### *3. Dischargeability Under 11 U.S.C. § 523(a)(6)*

A presumption exists that all debts owed by the debtor are dischargeable unless the party contending otherwise proves non-dischargeability. 11 U.S.C. § 727(b). The purpose of this "fresh start" is to protect "honest but unfortunate" debtors. *Bosiger v. US Airways, Inc.*, 510 F.3d 442, 448 (4th Cir. 2007). Courts should narrowly construe exceptions to discharge against the creditor and in favor of the debtor. *Kubota Tractor Corp. v. Strack (In re Strack)*, 524 F.3d 493,

5

497 (4th Cir. 2008) (*quoting Foley & Lardner v. Biondo (In re Biondo)*, 180 F.3d 126, 130 (4th Cir. 1999)). The burden is on the creditor to prove the exception to discharge by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 287–88 (1991)*; Kubota*, 524 F.3d at 497.

Section 523(a)(6) excepts from discharge those debts incurred by "willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). Generally, § 523(a)(6) applies to torts. § 523(a)(6). *Lewis v. Lowery (In re Lowery)*, 440 B.R. 914, 928 (Bankr. N.D. Ga. 2010); (4 Alan N. Resnik & Henry J. Sommer, *Collier on Bankruptcy* ¶ 523.12 (16th ed. 2009). A finding of nondischargeability requires more than "negligent, grossly negligent, or reckless conduct." *Duncan v. Duncan (In re Duncan)*, 448 F.3d 725, 729 (4th Cir. 2006). A "willful" act requires deliberate or intentional misconduct, while an act performed "malicious[ly]" refers to conduct that is "wrongful and without just cause or excessive even in the absence of personal hatred, spite, or ill will." *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998); *Nestorio v. Associates Commer. Corp. (In re Nestorio)*, 250 B.R. 50, 57 (D. Md. 2000) (*quoting St. Paul Fire & Marine Ins. Co. v. Vaughn*, 779 F.2d 1003, 1008 (4th Cir. 1985)); S. REP. NO. 95-989, at 79 (1978), *reprinted i*n 1978 U.S.C.C.A.N. 5787, 5865; H.R. REP. NO. 95-595, at 365 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6320. Additionally, engaging in an intentional act "does *not* necessarily mean that [the debtor] acted willfully and maliciously for purposes of § 523(a)(6)." *Duncan v. Duncan (In re Duncan)*, 448 F.3d 725, 728 (4th Cir. 2006) (emphasis added). Nondischarability requires a deliberate or intentional injury, not a deliberate or intentional act that leads to injury. *Geiger*, 523 U.S. at 118.

**B.     Analysis**

    *1.     Plaintiff's Motion for Summary Judgment Founded on Collateral Estoppel*

The Court first assesses the threshold issue of whether an identity of issues exists between the State Court Order and §523(a)(6). The State Court complaint alleges Darren tortiously interfered with an inheritance or gift designated for Lance. The pleading is drawn conclusorily and without referencing any mental state that Darren may have harbored. The State Court complaint, the corresponding Summary Judgment Order, and the Order for Damages are devoid of the legal basis supporting the factual findings. The Court is thus unable to ascertain or evaluate the identity of the issues, if any.

Additionally, § 523(a)(6) requires a deliberate or intentional injury. There are insufficient factual findings in the State Court Judgment and the Order for Damages to support or infer intentional conduct or injury. In actuality, the adverse findings and award appear more in line with a sanctions order based upon Darren's failure to respond to discovery.

Inasmuch as there exists no identity of issues between the State Court action and § 523(a)(6), Lance is not entitled to judgment as a matter of law on collateral estoppel grounds. It is, accordingly, **ORDERED** that the Motion be, and hereby is, **DENIED**.

    *2.     Defendant's Cross-Motion for Summary Judgment*

As noted, Darren seeks dismissal and discharge from the debt. The contention reads like an appeal from the State Court judgment. Without further elaboration, Darren has not met his burden under Rule 56. Specifically, he has failed to demonstrate why his conduct was neither malicious nor willful.

## III.

Based upon the foregoing discussion, it is **ORDERED** that the Motion and Cross Motion be, and hereby are, **DENIED**.

The Clerk is directed to enter a schedule for further pretrial and trial proceedings and to transmit a copy of this written opinion and order to all counsel and parties entitled to notice.